May it please the Court, my name is Stephanie Bond. I represent the appellant, Mr. Garner. I will be reserving three minutes, so the Court's aware, for rebuttal argument. This is an ineffective assistance of counsel claim. The heart of the matter is that trial court failed to present significant mental health evidence during the sentencing phase of the trial. The uniqueness of this trial was a military court, so the jury was deciding the penalty in the case. The penalty could have been anywhere from no penalty to life in prison. So the sentencing phase was a very significant phase. The mental health that you're talking about is the PTSD diagnosis, right? That is correct. It basically came from a competency evaluation. Correct. There's two things. One, Mr. Garner knew about the report in the sense that he knew it was being done during the proceedings. But I don't mean to jump the gun, but if we talk about prejudice, the report says that he was able to distinguish right from wrong, was responsible for his actions, and was able to appreciate the nature and quality of the wrongfulness of his conduct at the time of the alleged offense. It seems to me that finding would not be helpful at sentencing. And, Judge, that is not actually what the issue is in this case. With all due respect to the court, the competency finding inside the report, the significance of that report, is that inside the report it discussed the fact that Mr. Garner had post-traumatic stress disorder, that that impaired his judgment, that that gave him impulse control issues. That's the significance of it. Of course, we've never disputed that Mr. Garner was competent. And, you know, we wouldn't have, any defense counsel, I would hope, including myself, would never submit such a document in mitigation on its own. The purpose of the document is that it put defense counsel on notice that Mr. Garner had mental health issues, that he had significant mental health issues. This was a case where judgment was key, and impulse control was also key. Also, the victim in this case had testified about specific problems that Mr. Garner had, given the fact that he had been notified that he was being deployed. And that every time he was deployed with the military, he had problems. And the allegations that he was found guilty of got significantly worse. So she also put everybody on notice that there was some issue there. But trial counsel had, before the case even began, had a document that stated that Mr. Garner had impulse control problems, that he had judgment problems, that he suffered from post-traumatic stress disorder. That was the significance of the document. The document, yes. So counsel, let me interrupt. I apologize. But I'm still not understanding the point that you're trying to make here, because that sanity board psychiatrist found specifically, and I'll read it to you, and he was able to distinguish between right and wrong and is responsible for his actions at the time of the allegations. He is not presently suffering a mental disease or defect, rendering him unable to understand. So I guess what I'm getting at is I'm not sure it was that severe that it would have really played a big role in mitigation. Well, Judge, the reason that we respectfully disagree is the fact that, first of all, he was determined to be 70 percent disabled from the military. So I think the military found that it was, in fact, severe enough. In any event, the whole purpose of this petition and what Mr. Garner was asserting, even at the lower court below when he appealed, was that his counsel was ineffective in failing to present any mitigation evidence. This is clearly mitigation evidence, had his counsel pursued it. To be able to have somebody explain to the jury what the ramifications are of post-traumatic stress disorder, how it affected this, and why he could be rehabilitated such that a life sentence was not necessary. That's what the issue is in this case. This is a case of sentencing, not an issue that he didn't do what he did, not an issue that he was competent or not competent. It's the fact that his trial counsel was on notice from the very beginning of his case that he had mental health issues. Those mental health issues directly affected his ability for impulse control, which is one of the issues in this case. His judgment, which is clearly one of the issues in this case. And it shows that he can be treated so that he could be a productive member of society. It doesn't show the opposite. Well, Judge, being a defense counsel myself for 20 years, I know that when you have a case such as this, and I mean, this was a very egregious case. Let's all just agree. I mean, what he did was absolutely horrific. In order to show that there's any redeeming quality of a defendant such as this, you have to show that he can be rehabilitated. Now, obviously, it shows some stuff, but you're in a military court. You're in a court where you would presume the juror members, who are also military members, would understand post-traumatic stress disorder from the numerous deployments that he had. So while they may look at it like, well, he's got problems, the whole point is to call an expert to explain how those problems related to this offense and what could be done to help him. Now that it was made aware that he had these problems, to be able to rehabilitate himself such that a life sentence wasn't appropriate in this case. I mean, the jury could have done anything. They could have said no punishment whatsoever. It kind of seemed like there was nothing to lose and everything to gain. And that's why we don't believe that it was a reasonable strategy, even if defense counsel was going to say, well, it was trial strategy, because it was a reasonable strategy. Because I was worried about maybe some other things that might come out. Well, the issue is, is that reasonable? I mean, when you have a case such as this, and you have such a broad sentencing, and you have a person who has mental health disorders that contributed to the offense, and he's been found guilty of all the offenses, well, not quite all, but almost all, you have to mitigate it in some way. And that's exactly what trial counsel needed to do. Trial counsel was on notice that this was an issue, that he had been found to have poor judgment control, poor impulse control, and post-traumatic stress disorder. Those needed to be explained. The significance of the sanity board report that we wanted to make very clear that we felt was not made clear, that I attempted to clarify in my reply to the jury, was that it was not made clear that he had been found guilty of all offenses. In my reply brief, that's that it put defense counsel on notice. It's not that it itself was something that should have gone to the jury. It's that it put defense counsel on notice that there were issues that needed to be investigated by defense counsel. And I see I've given away time. Thank you. All right. Good morning, Your Honors. May it please the Court, I'm Caitlin Hollywood here representing, excuse me, Respondent Apelli Warden Colbert. The district court order in this case dismissing Mr. Garner's petition should be affirmed. The district court correctly found that Mr. Garner did waive this claim by not presenting it to the military courts in the first instance. And having waived it, he also cannot show cause and prejudice to overcome that waiver. And I'd like to first turn to the cause and prejudice analysis. And I think discussing the special context that court martial appeals arise in may be helpful here to understanding why there's no cause and prejudice. And also why even if Mr. Garner, you agree with Mr. Garner's claim that he did raise this to the military courts, he still would not be entitled to relief. After Mr. Garner was found guilty and then sentenced by the court martial panel, he then, of course, went to the military appellate court process. He was assigned his own counsel, filed a brief alleging ineffective assistance of counsel. He then also was allowed to, in this special to military appellate courts, he was allowed to file his own brief on his own behalf, in which he also alleged ineffective assistance of counsel on various grounds. In that brief, he repeatedly cites to the court martial record. It was at that point he had every opportunity and incentive to raise this issue about mental health evidence, if that's what he wanted to raise. That would have been the time to raise it. He knew about the report. He should have known about the report because it was in the court martial record. He didn't raise it. And then the military appellate court, again, this is special to the context of military appellate courts. It's very different than what we're used to in state and federal court proceedings. The military appellate court ordered his trial counsel to submit affidavits explaining their decision not to present mitigating evidence. Those affidavits discuss all of the evidence that his trial counsel reviewed. Colonel Pope's affidavit discusses the Sanity Board report specifically, and it explains their tactical decisions, why they chose not to present that evidence. Then the appellate court, having that, having appellate counsel's arguments, having Mr. Garner's arguments, having the entire court martial record, I think importantly found his trial counsel was not ineffective. That, I think, goes to both cause and prejudice, of course. Mr. Garner knew about this report, or he should have known about this report. And I think what's getting important and is getting maybe misrepresented is that the 70% disability rating and the discussion about unprovoked violence, that didn't happen until 2019, 2020. The reliance on the military found him 70% disabled is just not relevant here. We don't know what the military thought of him back in 2008. We only know that in 2019, when he submitted his application for benefits, the VA reviewed over 30 years' worth of medical and service records. The Sanity Board report was part of that, and based on that, in 2019, they deemed him 70% disabled. That is not relevant at all to whether, in 2008, trial counsel should have raised this issue. And I think also, I'm sorry, let me finish that thought. What's important here is just not cause and prejudice, but also, if you agree with Mr. Garner that he did fairly present this to the military courts, he's still not entitled to relief because the military courts are due a level of deference that is even greater than what federal courts owe to a state court ruling in, say, a 2254 habeas petition. Federal courts are limited, effectively, to only deciding whether the military court had jurisdiction over the accused or whether it acted within its lawful powers. And even if Mr. Garner was correct that he raised this, neither of his briefs below or on appeal have addressed why he would still be entitled to review of that claim. It is presumed that the military court dealt with this fully and fairly based on its full access to the record. And I think moving to prejudice, impulse control, even, let's just say the VA record had existed in 2008, impulse control does not go to a sustained tenure period of sexually assaulting his daughter, of possessing child pornography of his daughter, of desertion and disobeying a direct order. There is simply no showing that a report that simply says he had symptoms consistent with PTSD would have mitigated, in any sense, the evidence that the court martial jury had already heard and the impactful statements from the victim and the victim's family about the effects that Mr. Garner's actions had on her. And viewed in the entire record, there is simply no possibility that Mr. Garner can show prejudice from the family in his failure to submit a report that merely said he had symptoms consistent with PTSD, but that he was otherwise able to understand the right and wrong of his actions, which actually goes to not competency, as it's been referred to, but that goes to his mental state at the time of the offenses. The report does also state that he was competent to stand trial, but the portions about understanding the wrongfulness of his actions, that's not related to competency to stand trial, that's related to his mental state at the time of the offenses. And a report that says you have symptoms consistent with PTSD, but otherwise you're able to understand the right and wrong of your actions in light of the horrific nature of these charges and the long duration of these charges, it's not enough to overcome his burden to show that there was prejudice here. And because based on the record, the court also correctly denied an evidentiary hearing or simply didn't order an evidentiary hearing, because it is clear from the record and the documents submitted that Mr. Garner is not entitled to relief on his claim. And I'd also like to clarify that I think on appeal, Mr. Garner's attempted to expand the scope of his argument, but his habeas petition is very limited and simply states that his trial counsel was ineffective for failing to admit the sanity report report at sentencing. He doesn't claim there should have been a more thorough mental health investigation. He doesn't claim that he has all these other symptoms that counsel didn't investigate. It's a very narrow issue and one that I think would be helpful to stay focused on, because that's also what the district court was reviewing. If there are no further questions from the court? No, I don't think so. Thank you. Mr. Garner's petition did not fundamentally alter the legal claim that was already considered by the military court, and that is what this court looks at. This court looked at that issue in Lopez v. Shiro in the Ninth Circuit. The Supreme Court looked at that issue in Vasquez v. Hillary. It was also determined in Mormon v. Shiro by this court and Poisson v. Ryan that a person can develop additional supporting facts to a particular claim in a petition for habeas corpus relief. That's what he's doing. He raised that issue below. He raised the issue that his counsel was ineffective in the sentencing phase by not presenting any mitigation evidence. As the government has said, there was discussion about the competency issue and the competency report when the military court was deciding that issue. All Mr. Garner has done is exactly what he's entitled to do, which is develop additional facts to support his original claim. His additional facts came from the fact that now he finally saw the competency report, a report that he had not seen before, that he finally saw what was in the report, and that he finally realized that he had mental health disorders that he didn't know he had. That's the additional claim that was developed. He did not waive the initial claim. The military court considered this. This is just an extended development. And if there are no other questions, I think I'm done. Thank you.
judges: DESAI, ALBA, Gutierrez